UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL DYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| SALWANT SINGH PADDA and | ) | |
| TRANSX LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

NOW COME Defendants, SALWANT SINGH PADDA and TRANSX LIMITED, by and through their attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and hereby remove the action filed in the Circuit Court of Effingham County, Illinois pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1332 to the United States District Court, Southern District of Illinois, and in support thereof states as follows:

1.  Removal is proper in this case based on diversity jurisdiction when (1) Defendant timely filed its Notice of Removal within thirty days of service of the Complaint; (2) there is complete diversity of citizenship between the Plaintiff and the Defendant; and (3) the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1332, 1441, 1446

2.  Removal based on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000.00. *See* 28 U.S.C. §§ 1332, 1441, 1446. See also *Garza v. Bettcher Industries, Inc.,* 752 F.Supp. 753 (E.D. Michigan, December 1990). Typically, the party seeking removal has the burden of establishing federal jurisdiction. *Id.* The Defendant meets this burden by supporting its allegations of jurisdiction by articulating facts supporting removal. Id. Where the state court complaint itself states damages in an amount

sufficient to obtain federal diversity of citizenship jurisdiction, by way of removal, and the Defendant does in fact remove the case to federal court, it would make very good sense to require proof to a legal certainty that the Plaintiff cannot recover damages equal to or greater than the jurisdictional amount. After all, it is the Plaintiff who put the jurisdictional amount in controversy in the first instance, by asking for damages in that amount in his state court complaint. See *Garza,* 752 F.Supp. at 756 (E.D. Michigan December 1990). In this matter, Plaintiff's Complaint demands judgment against the Defendant in a sum in excess of $75,000.00. See attached a copy of Plaintiff's Complaint at Law, marked as Exhibit A.

      3.      A Defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint or receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Green v. Clark Refining & Marketing Inc.,* 972 F.Supp. 423 (E.D. Michigan 1997). A Defendant wishing to remove a case bears the burden of satisfying the amount in controversy requirement. *Gafford v. General Electric Company,* 997 F.2d 150, 155 (USCA 6th Circuit 1993); *Everett v. Verizon Wireless, Inc.,* 460 F.3d 818 (2006). Normally, "the sum claimed by the plaintiff controls," *Id.* at 156, but where Plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount in controversy requirement," then there are a number of different burdens of proof that the courts have implemented. The court in *Gafford* concluded that the best alternative of these different burdens is that the Defendant satisfies its burden when it proves the amount in controversy "more likely than not" or by a "preponderance of the evidence" that the Plaintiff's claim meets or exceeds the $75,000.00 amount in controversy requirement. *Gafford,* 997 F.2d at 158; *Everett,* 460 F.3d at 822.

4. The court in *Garza* held that this "preponderance of the evidence" does not require that the Defendant prove the amount in controversy "to a legal certainty". Nor need the Defendant prove conclusively that to award the Plaintiff less than the jurisdictional amount would be "outside the range of permissible awards". Rather, the Defendant must allege facts sufficient to establish that the Plaintiff would more likely than not recover more than the jurisdictional amount. *Garza*, 752 F.Supp. 753, at 763 (1990). The court further held that although the burden of proof of establishing jurisdiction in removed cases rests with the defendant, the Supreme Court in *McNutt v. General Motors Acceptance Corp.,* 56 S.Ct. 780, made clear that the Court must make an independent inquiry in to the factual basis for its own jurisdiction, and this duty is codified in 28 U.S.C. § 1447(c). *Garza,* 752 F.Supp. 753, at 763 (1990)

5. On September 5, 2017, the Plaintiff, MICHAEL DYER, filed a Complaint in the Circuit Court of Effingham County, Illinois, Case No. 17 L 28, against SALWANT SINGH PADDA and TRANSX LIMITED, based upon a negligence theory. See Exhibit A.

6. The Defendants have filed an Appearance on December 13, 2017. A copy of the Appearance is attached as Exhibit B.

7. Defendants, TransX Limited, was served with the Summons and Complaint on November 17, 2017. A copy of the Proof of Service is attached as Exhibit C.

8. Defendant, Salwant Singh Padda, is a citizen of Canada, and lives in Ontario, Canada. See Exhibit A, Paragraph 2.

9. Defendant, TransX Limited, is a Canadian Corporation located at 2595 Inkster Blvd, Winnipeg, Manitoba R3C 2 E6, Canada. See Exhibit A, Paragraph 3

11. Plaintiff is a resident of Collinsville, Oklahoma. See Exhibit A, Paragraph 1.

3

12. Accordingly, there exists a complete diversity of citizenship between the Plaintiff and the Defendants, SALWANT SINGH PADDA and TRANSX LIMITED now and at the time of the incident complained of in the Plaintiff's Complaint.

13. Plaintiff's Complaint in this case specifically alleges that:

As a direct and proximate result of defendant, Salwant Singh Padda's, negligent driving and breeches of duty, plaintiff suffered injuries. The complete extent of those injuries will be more fully detailed when all of plaintiff's medical records have been furnished by his doctors, but are believed to include:

a. A cervical discogenic injury, herniated discs, bulging discs and an injury to the neck;

b. Pain and suffering;

c. Loss of earning capacity; and

d. Medical and therapeutic expense;

See Exhibit A, Paragraphs 10-11.

14. Plaintiff's Complaint further demands judgment against the Defendant in a sum in excess of the court's jurisdictional limit. See Exhibit A, Paragraphs 17-18.

15. Plaintiff's injuries, as described in Plaintiff's Complaint at Law, appear to be extensive. Plaintiff has alleged an injury to his back and neck. Plaintiff has provided preliminary medical records from Florida Surgery Consultants, in which Dr. Larry Fishman diagnosed the Plaintiff with a cervical discogenic injury. In addition, Plaintiff was diagnosed with traumatically induced herniated cervical discs. As a result of the injuries, Plaintiff had surgery on November 10, 2017. The total cost of the surgery was $131,450.39. Moreover, it is alleged that the Plaintiff's injuries have and will continue to interfere with his enjoyment of life. Plaintiff further alleges

suffering from loss of earning capacity in the past and the future. See Exhibit A, Paragraphs 10-11. See Plaintiff's medical records attached as Exhibit D.

16. Thus, in this matter, it is certainly more likely than not, that Plaintiff's claims will exceed the $75,000.00 amount in controversy requirement. Plaintiff's injuries appear extensive and Plaintiff includes numerous claims for recovery as stated in Paragraphs 10 and 11 of Exhibit A and referenced above in Paragraph 15. Defendant has shown by a preponderance of evidence that the Plaintiff's alleged claims should exceed the $75,000.00 in controversy requirement required for removal.

17. However, in further support of Defendant's position that Plaintiff's alleged claims exceed the $75,000.00 in controversy requirement, and to provide even more factual support in supporting its allegations of jurisdiction, attached are jury verdict reports one from the Fourth Judicial Circuit and one from Effingham County, Illinois involving cases with similar facts and or injuries as in this case. These jury verdict reports involve similar injuries or facts to this case and each have verdicts that exceed $75,000.00. These jury verdict reports are attached as Exhibit E.

18. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as the Plaintiff and the Defendant are citizens of different countries, and the amount in controversy is in excess of $75,000.00. As such, the underlying State court action is one which may be removed to this Court by the Defendant pursuant to provisions of 28 U.S.C. §1441.

19. This Notice of Removal is timely in that it is filed within thirty (30) days from November 17, 2017, the date TransX Limited was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

20. A copy of this Notice for Removal will be promptly served upon the Plaintiff and filed with the Clerk of the Circuit Court of Effingham County, Illinois in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants, SALWANT SINGH PADDA and TRANSX LIMITED, pray that this cause proceed in this Court as an action properly removed from the Circuit Court of Effingham County, Illinois, to the United States District Court for the Southern District of Illinois.

Respectfully submitted,

/s/Andrew P. Rice
Andrew P. Rice, Bar #6243723

Andrew P. Rice, 6243723
**SANCHEZ DANIELS & HOFFMAN LLP**
Attorney for Defendants
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
(312) 641-1555

F:\DATA\HISTORY\MPI\77217 Dyer\pleadings\notice of removal dec 15, 17.docx

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the Notice of Removal via the ECF Filing System and that a true and correct copy will be served electronically to all attorney(s) of record from 333 West Wacker Drive, Suite 500, Chicago, Illinois 60606 at or before 5:00 p.m. on December 15, 2017 and that this statement as set forth is true and correct.

/s/Andrew P. Rice
Andrew P. Rice, Bar 6243723